**HUNT OIL COMPANY and Bodcaw Company (formerly Nebo Oil Company, Inc.), Appellants,**

v.

**MARATHON OIL COMPANY (formerly the Ohio Oil Company), et al., Appellees.**

**No. 20030.**

United States Court of Appeals
Fifth Circuit.

Aug. 13, 1963.

Rehearing Denied Sept. 23, 1963.

James D. Heldt, Dallas, Tex., J. Ralph Goff, Arcadia, La., for appellants.

Calvin A. Brown, Findlay, Ohio, C. Ford Currier, Robert Roberts, Jr., Arthur O'Quin, David E. Smitherman, Stuart D. Lunn, Sumter Cousin, Shreveport, La., Clayton L. Orn, Joseph F. Diver, Findlay, Ohio, Howard H. Harris, Tulsa, Okl., Blanchard, Goldstein, Walker & O'Quin, Shreveport, La., of counsel, for appellees.

Smitherman, Smitherman, Purcell & Lunn, Shreveport, La., for third-party defendants A. J. Hodges Industries, Inc., et al.

Before HUTCHESON, Circuit Judge, LUMBARD,* Chief Judge, and BROWN, Circuit Judge.

HUTCHESON, Circuit Judge.

Appellants have appealed from a district court judgment of dismissal and rejection, with prejudice, of their demands in this action initiated by Hunt Oil Company against The Ohio Oil Company (now Marathon Oil Company) to enforce rights claimed by appellants in production from two wells completed in the so-called "North 'D' Sand". We affirm the judgment of the district court.

* Chief Judge Second Circuit, sitting by designation.

Such rights as appellants assert exist by virtue of an agreement styled "Cotton Valley Unitization and Pressure Maintenance Agreement" (herein referred to as the "Agreement"). All parties to this litigation have executed or ratified—and are bound by—it. Plaintiffs, defendant and third party defendants are parties as "Operator", and intervener is a party as "Royalty Owner". It became effective on June 29, 1940. A decision of the issues involved requires an interpretation of the Agreement.

The action presents a controversy between plaintiff and counter-claimant and ancillary thereto a demand by defendant against third party defendants for indemnity in event it is cast in this action.

By the agreement the parties thereto, including the parties to this action, unitized, pooled and communized within a " 'D' Sand Participating Area" and a "Bodcaw Sand Participating Area", all oil, gas and other hydrocarbons separately as to each such participating area; and provided for the creation, within the Cotton Valley Field, under the circumstances therein described, of "Other Participating Areas"; provided for the determination of the fractional part of the total production of oil, gas and other hydrocarbons from each participating area which was to be allocated to each party to the agreement; made provision for the enlargement, under the circumstances and limitations therein described, in the Cotton Valley Field, of the Bodcaw Sand Participating Area and the "D" Sand Participating Area; made provision for the installation and operation of a recycling pressure maintenance and liquid hydrocarbon extraction and processing plant; made provision for the return to the reservoir or recycling of some or all of the gas to be produced from the various participating areas, and for sharing among operators of the expense of oil and gas production operations in the participating areas. All of these operations were provided to be directed and supervised by an Operators' Committee upon which each operator was represented. Various stipulations were made in aid of and incidental to the provisions above summarized.

If it were not for the painstaking and excellent work of the district judge, in his opinion, in sorting out the claims and counter-claims and separating those which were from those which were not found to exist, it would be very difficult for this court, by thumbing through the bulky and numerous volumes of the record to determine what the issues are and how they should be decided. Because of the fact, however, that the district judge, in his thorough and painstaking way has separated the wheat from the chaff and, with the aid of counsel on both sides, has made firm findings upon the specific questions raised by proposed findings and objections thereto, our labors in correctly determining where the truth and right of the case lies have been greatly aided and lightened. These findings and conclusions appear in his opinion in Hunt Oil Co. v. Ohio Oil Co., D.C., 205 F.Supp. 885, and they are approved and adopted by reference.

The primary question presented here, therefore, is whether the district court's findings of fact are clearly erroneous within the meaning of Rule 52, Federal Rules of Civil Procedure, due regard being given to the opinion of the trial court to judge the credibility of the witnesses, and whether the district court's conclusions of law are correct.

The appellees insist that the district court applied settled and correct standards of interpretation in ascertaining the meaning and intent of Art. IV of the "Agreement" which underlies this case, while the appellants insist that this is not so.

We are of the clear opinion: that the district judge's decision and judgment are supported by his findings of fact; that these are not clearly erroneous; that his conclusions are correct statements of the law; and that the judgment appealed from, upon the considerations and for the reasons given by the district judge, should be, and it is herewith affirmed.